## MABERRY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads**: KILLING STOCK: EVIDENCE. In an action against a railroad company for killing stock evidence to the effect that the fence was defective for half a mile up and down the road from the place of killing, and on the north side for two or three hundred yards from the place of killing was competent.

2. ——— : ——— : ———. The evidence of a witness who testified that the stock killed were worth $140, but admitted on cross-examination that he appraised them at $100 when he thought it would be paid without suit, should not, for that reason, have been excluded, but should have been allowed to go to the jury for what it was worth.

3. **Practice**: COSTS. Where plaintiff fails to include a cause of action in another suit brought and prosecuted to judgment before the same justice, where the causes of action may be joined under the statute, he should not be allowed to recover costs in but one case. ( R. S., § 2936 ).

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

(1) The court ought not to have permitted the testimony of the witness, John Wunderlich, as to the reasons which induced him to raise the value of the stock sued for from $100 to $135 or $145, to go before the jury. He had stated that he had appraised the stock at $100, and that this appraisement was true, and was then permitted to state in answer to a question from the plaintiff, that he fixed the value at these figures because he thought "it would be paid without suit." (2) And the evidence as to the defective condition of the fence at points two or three hundred yards or half a mile distant from the place where the stock entered upon the railroad, was immate-

rial. The fact that the defendant's fence was defective at other points had no bearing upon its liability in this case, and in no wise occasioned or contributed to the killing of the plaintiff's stock. *Cecil v. Pacific R. R.*, 47 Mo. 246, and cases cited; *Luckie v. C. & A. R. R.*, 67 Mo. 245, and cases cited; Shearm. and Redf. on Negl. (3d Ed.) § 462. (3) The costs should have been adjudged against plaintiff. Having brought two suits when the causes of action could have been "joined according to law" (R. S., § 2850), the statute expressly provides that "the plaintiff shall recover only the costs of one action," and that "the costs of the other action shall be adjudged against him." R. S., § 2936.

*Edwin Silver* for respondent.

(1) There was no error in the admission of the evidence of John Wunderlich complained of. The witness merely explained his previous testimony as to a matter brought out by defendant, and which plaintiff had a right to have explained. Even if incompetent, this evidence would afford no ground for a reversal of the judgment. To have this effect, even incompetent evidence must be calculated to prejudice or mislead the jury. *Craghead v. Wells*, 21 Mo. 404. (2) The evidence of the defective condition of the fence for half a mile up and down from the place of killing and for two or three hundred yards on the north side, was competent on general principles, as affording the basis for the jury to draw the inference that the cattle got on the track at the place they were found dead, and, also, to corroborate plaintiff's evidence. But, if incompetent, it could not prejudice defendant as the other evidence showed the fence was out of repair where the cattle got on, and that it was not at a public crossing nor in a town, but in the country along the farms. The cases referred to by appellant are not in point. (3) Appellant made no motion to consolidate costs in the justice's court. This he should have done. R. S., sec. 2933. Conceding that this was not necessary, still

the motion to tax costs against plaintiff was properly over-ruled. Section 2936, relied on by appellant, only has reference to costs accruing in the justice's court, and not in the circuit court. Defendant did not object in the justice's court that costs had been taxed against it, and the motion in the circuit court was directed against costs in both courts. The motion being bad in part was bad *in toto*. Besides, defendant, in support of its motion, only offered the transcript and judgment of the justice in the other case and offered nothing to show that there had been a judgment for costs against it in the other case in the circuit court. The cause was appealed and the judgment thereby vacated (see 78 Mo. p. 549, and 9 Mo. p. 252) and for aught that appears from the evidence offered in support of the motion, the circuit court awarded no judgment in the other case for costs or anything else against defendant. Defendant should have supported its motion, if its theory is correct, by offering the judgment of the circuit court in the other case so that the court might see that there were, in fact, two judgments against it for costs. "While a court takes notice of its own records, it cannot travel for this purpose out of the records relating to the particular case. Thus in one case the court cannot take notice of the proceedings in another case unless such proceedings are put in evidence." 1 Wharton's Evidence, sec. 326. That motions must be supported by evidence in support of what is alleged in them is well settled. *Sims v. Kelsay*, 75 Mo. 68.

MARTIN, C.—This is an action for the killing of two oxen and one cow belonging to plaintiff. No objection is raised to the jurisdiction of the justice or to the sufficiency of the statement.

I. In the trial in the circuit court the evidence tended to prove that the cattle were traced by their tracks to the point on the railroad at which they were killed, and that the fence was not sufficient to turn stock at the point at which they entered upon the railroad way ; and

that such point was not at a public crossing or inside of a city or town. The evidence of witness, Wunderlich, to the effect that the fence for half a mile up and down the road at the place of killing was defective, was competent. His statement that the fence was defective, also, on the north side two or three hundred yards from the place of killing was also competent. *Jantzen v. R. R., ante*, p. 171.

II. There was no error in refusing to exclude the evidence of the same witness relating to the value of the cattle. He testified they were worth about $140. On cross-examination, he admitted that he had appraised them at about $100, soon after the accident when he supposed they would be paid for without suit. This admission of the witness on cross-examination was no ground for excluding his testimony. It had to go to the jury for what it was worth. The jury found the valuation at $140, and there is no good reason for setting it aside in the appellate court.

III. Under section 2936 the plaintiff ought not to have recovered costs incurred before the justice, having brought and prosecuted to judgment a suit before the same magistrate against the same defendant, in which suit he ought to have included the present cause of action. Having obtained judgments in both suits before the magistrate, he is entitled under the statute to costs in only one. The judgment should be so modified as to correct this error. With this correction as to the taxation of costs, the judgment is affirmed. Costs in this and in the circuit court to be adjudged against respondent. DeArmond, C., concurs. Ewing, C., not sitting.